(June 26, 1986)

■ In the Matter of SHARED EQUITIES COMPANY, Appellant, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Respondent. GWYN SULLIVAN, Intervenor-Respondent.—Order, Supreme Court, New York County (George Bundy Smith, J.), entered May 14, 1985, which dismissed a CPLR article 78 proceeding seeking review of an order of the respondent New York City Conciliation and Appeals Board which directed petitioner landlord to issue the respondent-intervenor tenant a renewal lease for the subject apartment conditioned upon the payment of certain arrearages, unanimously reversed, on the law, the petition granted and the determination annulled, without costs.

In this article 78 proceeding, petitioner, Shared Equities Company, seeks to annul the determination of the respondent, New York City Conciliation and Appeals Board (CAB), which directed it to tender a renewal lease to intervenor-respondent, Gwyn Sullivan, for apartment 1E in its building located at 76 West 85th Street in Manhattan. The essential facts are uncontroverted. In February 1979, Sullivan moved into the apartment with Ronald Hufham, the named tenant on a lease due to expire on May 31, 1979. She paid the rent of $330 per month thereafter and Hufham sought permission from petitioner for Sullivan to become the tenant when the lease expired. Peter Turner of Sackman Enterprises, petitioner's managing agent, advised Sullivan, on or about April 15, 1979, she would have priority in obtaining a lease if her application were approved. Over a month later, on May 25, 1979, in response to Turner's telephone call the preceding day, Sullivan filed an application. The application indicated that Sullivan worked as a free-lance writer and theatre critic for a local newspaper. In conjunction with the application Sullivan provided a statement of 1978 income from stocks, bonds, and a trust in an amount insufficient to cover the prospective monthly rent of $369.60 per month. Despite repeated attempts, petitioner was unable to verify Sullivan's employment using the telephone number provided. It denied her application based on inability to verify employment income and to determine her ability to pay the rent, and an allegedly unhealthful condition which was discovered upon inspecting the apartment.

In June 1979, Sullivan filed a complaint with the respondent CAB seeking to compel petitioner to tender her a "re-

newal lease" as a cotenant. Petitioner timely answered the complaint and commenced a holdover proceeding in Civil Court against Sullivan which, however, the court (Nason, J.), directed the parties to mark off the calendar. Thereafter, petitioner's attorney sent a letter dated January 22, 1980 to the CAB bearing Judge Nason's handwritten indorsement requesting that the matter be expedited. Submissions were made by the respective parties in the CAB proceeding until February 1, 1980. In August 1983, petitioner renewed its request for an expedited decision.

On February 9, 1984, the respondent CAB issued an order which found that Sullivan failed to substantiate her claim that petitioner had granted its tenant permission to allow her to take occupancy as a new cotenant, and that Shared had the option of either refusing to give her permission to take occupancy or creating a new tenancy which would warrant the tender of a vacancy lease. The respondent CAB concluded, however, that Sullivan was entitled to a renewal lease conditioned upon the payment of certain rent arrearages "[p]ursuant to Section 35 of the Code and taking into consideration all of the factors bearing upon the equities, including the lack of any rent increase from June 1, 1977, the tenant's occupancy of the apartment since 1979 and the court's adjournment of the owner's court proceeding against the tenant after she filed this complaint." The instant proceeding ensued.

Special Term granted Sullivan's motion to intervene as a party respondent, denied the petition, and dismissed the proceeding, holding that the opinion of the CAB was "reasonable under the circumstances." We disagree and reverse.

In our view, the determination of the respondent CAB is completely at variance with the findings of fact and lacks a rational basis in the record. The findings of fact support the conclusion that Sullivan's occupancy was illegal from its inception, and valid only on a month-to-month basis. Contrary to the contention of the respondent New York State Division of Housing and Community Renewal, the successor agency to the CAB, Sullivan did not take occupancy believing she had permission to do so. The record supports the CAB's findings that Sullivan did not give written notice of her occupancy to petitioner, informally requested permission to remain in occupancy in April 1979, two months after she had moved into the apartment, and did not file an application for a lease until five days before the subsisting lease was due to expire.

Under the circumstances, the respondent CAB abused its

discretion to fashion a remedy by "balancing the equities." It erred in relying upon Sullivan's continuous occupancy since 1979 and the "adjournment" of the owner's holdover proceeding as equitable factors favoring the issuance of a "renewal lease" to Sullivan. These factors are the natural consequence of the CAB's four-year delay in rendering its decision. It is inappropriate for the CAB to rely upon its own delay and the consequences thereof as equitable factors within the meaning of Code of the Rent Stabilization Association of New York City, Inc. § 35 (A). Neither is attributable to any fault on petitioner's part, particularly since petitioner sought to expedite the determination.

Petitioner clearly had the right to decline to accept Sullivan's tenancy based upon her failure to meet its criteria and standards of acceptability for employment status and financial condition. *(Matter of State Commn. for Human Rights v Kennelly,* 30 AD2d 310, 312 [2d Dept 1968].) It preserved its rights by promptly commencing a holdover proceeding when she refused to vacate the apartment. Acceptance of her rent thus created only a month-to-month tenancy, and affords no basis for invoking the doctrine of equitable estoppel. Concur—Murphy, P. J., Ross, Rosenberger, Ellerin and Wallach, JJ.